**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| *In re* Application of:<br>Hungerstation Holding Limited,<br>Hungerstation LLC,<br><br>Applicants,<br><br>To Pursue Discovery from<br><br>Ground Up Ventures, LLC,<br>Ground Up Ventures Fund, LP,<br>Ground Up Ventures Fund GP, LLC,<br>Ground Up Ventures Fund II, LP,<br>Ground Up Ventures Fund II GP, LP,<br>GUV II GP, LLC,<br>Ground Up Ventures Opportunity Fund, LP,<br>Ground Up Ventures Opportunity Fund GP, LLC<br><br>for Use in a Foreign Proceeding Pursuant to 28 U.S.C. § 1782,<br><br>Respondents. | Civil Action No. 26-95-GBW |

**MEMORANDUM ORDER DENYING *EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO OBTAIN DISCOVERY FOR USE IN A FOREIGN PROCEEDING**

THIS CAUSE came before the Court upon the Application of Hungerstation Holding Limited and Hungerstation LLC (together, "Hungerstation" or "Applicants") for an Order Under 28 U.S.C. § 1782 to Pursue Discovery from Respondents Ground Up Ventures, LLC, Ground Up Ventures Fund, LP, Ground Up Ventures Fund GP, LLC, Ground Up Ventures Fund II, LP, Ground Up Ventures Fund II GP, LP, GUV II GP, LLC, Ground Up Ventures Opportunity Fund, LP, and Ground Up Ventures Opportunity Fund GP, LLC (together, "Ground Up" or "Respondents") for Use in a Foreign Proceeding ("Application") (D.I. 1). The Court, having

considered the Application, the parties' briefing (D.I. 3; D.I. 18; D.I. 28), and the supporting materials, and having heard argument from the parties on October 1, 2026, finds as follows:

1. Applicants have met the requirements set forth in 28 U.S.C. § 1782 for obtaining the requested judicial relief sought in the Application.

2. Respondents are all incorporated in Delaware. D.I. 3 ¶ 31.

3. The discovery sought through the Application is for use in civil proceedings currently before the Grand Court of the Cayman Islands, Financial Services Division (the "Cayman Litigation").

4. Applicants, who are parties in the Cayman Litigation, are interested persons within the meaning of § 1782.

5. On balance, the discretionary factors outlined in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004) weigh against granting the Application. Specifically, the Court weighs the factors as follows:

   a. First, Respondents are not participants in the Cayman Litigation and may be outside of the Cayman Court's jurisdiction. However, the substance of the Subpoenas targets Ninja Holding, a party in the Cayman Litigation, and the relationship between Ninja Holding and other entities within the Ninja Group – as opposed to information about the Ground Up entities that comprise Respondents. *See* D.I. 4, Ex. 1. Applicants' rationale is that Respondents have "undertaken extensive due diligence to screen the Ninja Group entities" and are thus "likely in possession, custody, and control of the requested documents." (D.I. 3 at 12). Applicants' rationale evidences

that the substance of the Subpoenas and the other discovery they seek do not target Respondents. Clearly, the real target of the discovery sought is Ninja Holding, the Defendant in the Cayman Litigation, and not Ground Up. In that regard, Applicants provide no good reason as to why the discovery sought could not be obtained directly from Ninja Holding in the Cayman Litigation. Also, Applicants admit that they have not attempted to obtain such discovery from Ninja Holding in the Cayman Litigation, and they have not attempted to obtain any discovery from anyone in the Cayman Litigation to date. *See* Transcript of October 1, 2026 Hearing. Thus, the first *Intel* factor clearly weighs against granting the Application. *See Amazon.com, Inc. v. Nokia of Am. Corp.*, No. CV-24-493-GBW, 2025 WL 220301, at *5 (D. Del. Jan. 16, 2025) (finding the first *Intel* factor cuts in favor of quashing the Section 1782 subpoena because "there are ways for the[] foreign courts to access the [documents] in question"); *see* Declaration of Nicholas Dunne in Support of Opposition to Application to Obtain Discovery Pursuant to 28 U.S.C. § 1782 ("Dunne Decl.") ¶¶ 13-17 (detailing procedures in the Cayman Court pursuant to which Applicants may obtain relevant discovery).

b. Second, there is no indication that the Cayman Court would reject the U.S. federal court judicial assistance as requested in the Application. As Applicants contend, courts in the Cayman Islands have accepted evidence gathered under § 1782 in the past (*see* D.I. 3 ¶ 42 (listing cases)), and

Respondents have not meaningfully demonstrated otherwise. Thus, the second *Intel* factor weighs in favor of granting the Application.

c. Third, the Court agrees with Respondents that the Application appears to conceal an attempt to circumvent foreign proof-gathering restrictions. The information sought in the Application seeks to discover the corporate structure, affiliates, and operations of Ninja Holding, a party to the Cayman Litigation. Applicants admit that they have not attempted to obtain the relevant discovery in the Cayman Litigation before resorting to § 1782. *See In re Application of Gilead Pharmasset LLC*, C.A. No. 14-mc-243 (GMS), 2015 WL 1903957, at *4-5 (D. Del. Apr. 14, 2015) (denying a § 1782 application and finding it particularly concerning where the applicant made no attempts to obtain any discovery directly in the foreign tribunal). Applicants' failure to attempt to use the discovery mechanisms available to them in the Cayman Litigation weighs against granting the Application under the third *Intel* factor.

d. Fourth, the Application seeks discovery from Respondents that is overly broad, unduly burdensome, and unduly intrusive. Importantly, Ground Up is a small, venture capital company that made a $530,000 investment in a Ninja entity that is not Ninja Holding, the Defendant in the Cayman Litigation. *See* Affidavit of Cory Moelis, D.I. 38-2, ¶¶ 6-9. However, the Application seeks information regarding, *inter alia*, the Ninja Group's corporate structure, financial documents, and communications, from

Ground Up, a small venture capital investor who would only have access to such information from its due diligence in screening the Ninja entity in which it made its investment. *See* D.I. 3 at 12. The Application seeks broad information regarding all entities within the Ninja Group, although Ground Up made an investment only in a Ninja entity that is not the Defendant in the Cayman Litigation and the facts giving rise to the Cayman Litigation only concern the actions of Ninja Holding and its subsidiary Ninja LLC. *See* D.I. 3 ¶¶ 20-24. Moreover, at least three of Applicants' Requests seek information relating to or communications between Respondents and Riyad Capital (a venture capital firm that coordinated investments in Ninja), but Applicants have not sufficiently explained why Riyad Capital is relevant to the Cayman Litigation. Applicants' Requests also seek documents over a four-year period beginning in January 2022, which is two years before Applicants allege that Ground Up invested in Ninja on January 1, 2024. Lastly, Applicants have noticed the depositions of eight separate Ground Up entities but conceded during oral argument that one deposition would likely suffice. *See* Transcript of October 1, 2026 Hearing. For all these reasons, the breadth and scope of Applicants' discovery requests sought in this action are overly broad, unduly burdensome, and unduly intrusive. Thus, the fourth *Intel* factor weighs against granting the Application.

WHEREFORE, on this 1st day of October 2026, **IT IS HEREBY ORDERED** that Hungerstation Holding Limited and Hungerstation LLC's Application for an Order Under 28 U.S.C. § 1782 to Pursue Discovery from Respondents for Use in a Foreign Proceeding (D.I. 1) is **DENIED**.

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE